FREDERICK E. FITZMAURICE *vs*. HAROLD J. McGINN, EXECUTOR.

Androscoggin County. Decided October 12, 1932. Motion and exceptions. Action brought against the executor of the estate of Thomas J. Fitzmaurice to recover the proceeds of certain insurance policies in which at the time of testator's death his estate was named as beneficiary. Plaintiff's case was based on an alleged contract entered into between him and the testator, by the terms of which plaintiff was named as beneficiary in the policies in question in consideration of his paying the premiums thereon. He was so named and did pay one premium on each of the policies. No other premiums came due prior to testator's death. Plaintiff, therefore, claims to have fulfilled his contractual obligations and claims that a later change of beneficiary from him to testator's estate was in breach of the contract.

The record presents an irreconcilable conflict of evidence but the conclusion reached by the jury, that the contract claimed by the plaintiff was made and breached by the testator, was sustained by testimony which can not be said to be incredible or inconsistent with reason. The motion must therefore be overruled.

Three exceptions were relied upon by defendant. The first related to the admission of evidence tending to show plaintiff's financial responsibility at the time the alleged contract was entered into, his ability to carry it out and knowledge of that fact on the part of testator. This evidence was admissible, in view of the circumstances and developments of the case.

The second exception related to the admission of evidence by plaintiff, in rebuttal, of a conversation with defendant after testator's death concerning the insurance policies. It is objected that this was not rebuttal because defendant did not testify. It tended to rebut the entire theory of the defense. If it was true, it destroyed the force of very much of the evidence adduced by defendant. It was clearly admissible. True, a portion of plaintiff's answer to one of the questions to which objection was made was not responsive, but as defendant made no motion to strike this part of the answer from the record, he has no legitimate complaint to make on that point at this time.

The third exception is to plaintiff's being permitted to testify that the money which he expended in paying the premiums on the policies had not been repaid to him. There was no claim that such was the case and the evidence was unnecessary, but it could not have been prejudicial. It was simply a repetition of an admitted fact. Motion and exceptions overruled. *Frank T. Powers*, for plaintiff. *Fellows & Fellows*, for defendant.